# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSE R. GUERRERO-SANCHEZ,

    Petitioner,  :  Case No. 3:19-cv-037

 - vs -      District Judge Walter H. Rice
          Magistrate Judge Michael R. Merz

CHARLES BRADLEY, Warden,
 Pickaway Correctional Institution

          :

    Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations (ECF No. 28). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 9).

The Report recommended the Petition be dismissed. Guerrero-Sanchez, through counsel, raises five objections.

## 1. Failure to Hold an Evidentiary Hearing

Petitioner first objects that the Magistrate Judge did not hold an evidentiary hearing (Objections, ECF No. 29, PageID 554). He asserts that at such a hearing he would develop facts relating to his claim of bad advice from trial counsel not to accept a proffered plea deal and failure of appellate counsel to advise him of the deadline for filing a petition for post-conviction relief.

1

The Petition herein was filed *pro se*, but the Magistrate Judge appointed counsel who supplemented the Petition (ECF No. 20). Neither the Petition nor the supplement nor any other filing on Petitioner's behalf requested an evidentiary hearing. Evidentiary hearings in habeas corpus cases are not routinely held and certainly not without a request.

In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that in determining whether a state court conviction violates 28 U.S.C. § 2254(d)(1) or (2), the habeas court is limited to the record developed in the state court. *Id*. at 181. Petitioner relies on *Williams v. Burton*, 714 Fed. App'x 553 (6th Cir. 2017), for the proposition that, despite *Pinholster*, he can obtain an evidentiary hearing in federal court to develop facts that were not developed in the state court through no fault of the Petitioner. *Williams* relies on *Robinson v. Howes*, 663 F.3d 819 (6th Cir. 2011). There the Sixth Circuit held

> [I]f the claim was never "adjudicated on the merits" in state court, the claim does not fall under 28 U.S.C. § 2254(d) and *Pinholster* does not apply. In such cases, a federal habeas court may order an evidentiary hearing, provided the threshold standards for admitting new evidence in federal district court are met, *see* 28 U.S.C. § 2254(e)(2), and decide the habeas petition under pre-AEDPA standards of review. *See* <u>Pinholster</u>, 131 S.Ct. at 1401 ("Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief . . . . [N]ot all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State court proceedings.'").

663 F.3d at 823. To be entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2), the habeas applicant must show that:

> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

2

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

*Id.* at 824, quoting 28 U.S.C. § 2254(e)(2)(A)-(B). Petitioner makes no effort to show he comes within § 2254(e)(2). Even if an evidentiary hearing were not precluded by § 2254(e)(2), Petitioner has never suggested to this Court what facts he would present at such a hearing.

2. **Finding Statements to Police Were Voluntary**

The Common Pleas Court and the Ohio Court of Appeals for the Second District on direct appeal found that Petitioner's statements to the police were not involuntary. *Guerrero-Sanchez*, 2017-Ohio-8185, ¶¶ 26-34 (2nd Dist. Oct. 13, 2017). This question was pleaded as Ground One, Issue One, in the Petition. The Report concluded that the Second District had applied the correct federal law, particularly *Colorado v. Connelly*, 479 U.S. 157 (1986), and had reasonably determined the facts (Report, ECF No. 28, PageID 540-41).

Petitioner objects to this conclusion, but admits the test is whether, under the totality of the circumstances, his will was overborne (Objections, ECF No. 29, PageID 555). He does not argue why the Second District's conclusion is unreasonable, but merely restates that

> Factors considered in assessing the totality of the circumstances include the age, education, and intelligence of the defendant; whether the defendant has been informed of his Miranda rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as deprivation of food or sleep.

*Id.*, quoting *McCalvin v. Yukins*, 444 F.3d 713, 719 (6th Cir. 2006). Applying those factors, Petitioner's age, education, and intelligence were not issues. He had not been advised of his

3

*Miranda* rights when he made the relevant statements, but the entire questioning lasted only twenty minutes and thus was not "repeated" or "prolonged." There was no physical punishment, no deprivation of food or sleep. Petitioner's claim not to understand the English language was rebutted by competent evidence entirely apart from the officers' testimony. Given that "totality of the circumstances," the Second District's decision was not unreasonable on the facts.

3. **Finding *Miranda* Warnings Were Not Required.**

Petitioner's Ground One, Issue Two, is that he was in custody when he made the statements sought to be suppressed and therefore should have been given *Miranda* warnings. Again, both the Common Pleas Court and the Second District determined the *Miranda* warnings were not required because Guerrero-Sanchez was not in custody when he made the statements at issue. The Report found this conclusion was both a reasonable application of *Miranda* and a reasonable determination of the facts (Report, ECF No. 28, PageID 544).

Petitioner objects and expressly requests *de novo* review of this issue (ECF No. 29, PageID 556). While he is entitled to *de novo* review of the Magistrate Judge's Report by the District Judge, he is not entitled to have this Court review the state court's decision *de novo*: the Second District decided this issue on the merits and review must therefore be deferential under 28 U.S.C. § 2254(d)(1) and (2).

Guerrero-Sanchez asserts the ultimate test for whether a person is in custody or not is whether a reasonable person would have felt at liberty to terminate the interrogation and leave. *Id.*, quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). He faults the state courts for not discussing this question, but he was never asked this ultimate question in the suppression hearing.

4

It is difficult for an attorney to argue that one's client did not feel free to leave when the client himself has not testified to that fact. When the officers discovered the suitcase full of drugs, they then formally arrested Guerrero-Sanchez and read him the *Miranda* warnings, but also ceased any interrogation. Whether a person in Petitioner's place would have felt free to leave before the suitcase was opened is an ultimate factual conclusion which requires weighing the evidence. The Second District's weighing here was not unreasonable.

**4.     Failure to Advise of Deadlines**

In his Third Ground for Relief, Petitioner claims he was denied effective assistance of counsel when neither his trial attorney nor his appellate attorney advised him of the deadline for filing a petition for post-conviction relief. Petitioner pleaded this claim not as a freestanding claim of ineffective assistance, but to excuse his procedural default in filing the post-conviction petition late (Reply, ECF No. 27, PageID 528).

The Report noted that the failure of Petitioner's appellate attorney to notify him of the relevant deadlines[1] was ineffective assistance of appellate counsel (Report, ECF No. 28, PageID 547, citing *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014)). It also credited Guerrero-Sanchez with establishing a factual basis for the claim by the Affidavit he filed with the post-conviction petition. *Id.* However, the Report found this claim of ineffective assistance of appellate counsel was procedurally defaulted because Petitioner never appealed from denial of post-conviction relief as mandated by *Edwards v. Carpenter*, 529 U.S. 446 (2000). *Id.*

The Objections note the recent decision of *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270

---

[1] *I.e.*, both the date when the transcript was filed on direct appeal and the legal consequence of that date, to wit, that the one-year statute for filing a post-conviction petition began to run then.

5

(6th Cir. 2019), in which the circuit court finally decided that *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), apply to Ohio's system of litigating claims of ineffective assistance of trial counsel.

Guerrero-Sanchez reads *White* to hold that

> [W]here a defendant can show: (1) he has a substantial ineffective assistance of counsel claim, (2) he had no counsel or ineffective counsel regarding post-conviction proceedings, (3) that post[-]conviction was the "initial review" of the claim, and that (4) the law required his claim to be brought in a post-conviction [petition], that he can avoid a procedural default.

(Objections, ECF No. 29, PageID 556.) However, that substantially overreads *White*. In *Martinez*, the Supreme Court held that the relevant substantial ineffective assistance claim must be of **trial** counsel. Here Guerrero-Sanchez had a substantial – indeed substantiated – claim of ineffective assistance of **appellate** counsel – for failure to advise of the deadlines. Guerrero-Sanchez could and did properly raise that claim to excuse his late filing. However, he did not preserve that claim by appealing to the Second District from denial of the post-conviction petition. Because he was not entitled to appointed counsel on appeal from that denial, he cannot excuse his procedural default by claiming ineffective assistance of appellate counsel. *Martinez* does not apply to excuse default in presenting an ineffective assistance of appellate counsel claim. *Davila v. Davis,* 582 U.S. ___, 137 S.Ct. 2058, 2062 (2017).

5. **Deficient Advice on the Plea Offer**

In his Fourth Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney advised him to turn down a three-year agreed sentence and litigate the suppression motion instead. The terms of the offer required that it be accepted before the

suppression hearing began. The record does not reflect the conversation between Petitioner and his trial attorney. Rather, Petitioner claims in completely conclusory terms what the advice was and not the factors the trial attorney may have discussed with Guerrero-Sanchez. In particular we do not know whether he had seen the reports of the arresting officers or how convinced he was of Guerrero-Sanchez's inability to understand English.

This claim was not decided on the merits by the state courts. The Report recommended rejecting it both on the merits and as procedurally defaulted by Petitioner's failure to appeal from denial of his post-conviction petition (Report, ECF No. 28, PageID 55052).

In his Objections, Petitioner restates the applicable legal standard as

> whether "trial counsel provided "gross misadvice" regarding the proposed plea offer, *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001), and whether there is "a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Logan v. United States*, 910 F.3d 864, 869 (6th Cir. 2018).

(ECF No. 29, PageID 557.) This is a correct statement of the law, but it does not alter the Magistrate Judge's recommendation. On the merits, it cannot be said that it was "gross misadvice" from the perspective of what counsel and Petitioner knew before the suppression hearing began to go forward with the hearing. The Objections note that the Report faults Petitioner for not placing more facts before the post-conviction court. That is true, but somehow counsel turns this into a reason for holding an evidentiary hearing now. To the contrary, Guerrero-Sanchez knew all the facts he could ever know about his conversation with attorney Lachman; his failure to file a more complete affidavit in post-conviction does not entitle him to a hearing under 28 U.S.C. § 2254(e)(2).

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends it be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 5, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).