IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE R. GUERRERO-SANCHEZ,    :

      Petitioner,

   v.                 :    Case No. 3:19-cv-037

CHARLES BRADLEY, Warden,        JUDGE WALTER H. RICE
Pickaway Correctional
Institution,                 :

      Respondent.

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #28) AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #31);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##29,
32); DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT
OF HABEAS CORPUS (DOC. #3) WITH PREJUDICE; DENYING
CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN
FORMA PAUPERIS*; TERMINATION ENTRY

---

On October 19, 2019, United States Magistrate Judge Michael M. Merz

issued a Report and Recommendations, Doc. #28, recommending that the Court

dismiss with prejudice the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus, Doc. #3, and deny a certificate of appealability and leave to appeal *in

forma pauperis.* Petitioner filed Objections, Doc. #29, and the Court recommitted

the matter to the Magistrate Judge, Doc. #30, who issued a Supplemental Report

and Recommendations, Doc. #31, adhering to his original recommendations.

Petitioner has filed Objections, Doc. #32, to that judicial filing.

The Court is required to make a *de novo* review of those portions of the

Reports and Recommendations to which proper Objections have been filed.  Fed.

R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  Based on the reasoning and citations

of authority set forth by Magistrate Judge Merz, as well as upon a thorough *de

novo* review of this Court's file and the applicable law, the Court ADOPTS the

Report and Recommendations, Doc. #28, and Supplemental Report and

Recommendations, Doc. #31, in their entirety and OVERRULES Petitioner's

Objections thereto, Docs. ##29, 32.

In so holding, the Court makes the following observations.  First, although

the Court has discretion to hold an evidentiary hearing on a claim that was not

adjudicated on the merits in state court, it can do so only if "the threshold

standards for admitting new evidence in federal district court are met, *see* 28

U.S.C. § 2254(e)(2)."  *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011).

Petitioner has not satisfied any of the §2254(e)(2) requirements.[1]

---

[1]   Subsection (e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court
proceedings, the court shall not hold an evidentiary hearing on the claim unless the
applicant shows that--
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on
        collateral review by the Supreme Court, that was previously unavailable;
        or
        (ii) a factual predicate that could not have been previously discovered
        through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and
    convincing evidence that but for constitutional error, no reasonable factfinder
    would have found the applicant guilty of the underlying offense.

For the reasons stated by Magistrate Judge Merz, neither the Second District's conclusion that Petitioner's statements were voluntary, nor its conclusion that Petitioner's statements were not elicited during a custodial interrogation, were unreasonable.  Accordingly, the First Ground for Relief is dismissed with prejudice.

Petitioner has not objected to the Magistrate Judge's recommendation that the Second Ground for Relief be dismissed with prejudice because it is procedurally defaulted and because it fails on the merits.  The Court adopts that recommendation and dismisses the Second Ground for Relief with prejudice.

The Third Ground for Relief, alleging denial of due process based on counsel's failure to notify Petitioner of the filing deadline for a post-conviction petition, is procedurally defaulted.  Petitioner's reliance on *White v. Warden*, No. 18-3277, 2019 WL 4942222 (6th Cir. Oct. 8, 2019), is misplaced for the reasons discussed in the Supplemental Report and Recommendations, Doc. #31, PageID#566.  The Court therefore dismisses the Third Ground for Relief with prejudice.

The Fourth Ground for Relief, alleging ineffective assistance of counsel in the plea-bargaining process, also fails, not only because it is procedurally defaulted, but also on the merits.  As Magistrate Judge Merz noted, the state court record does not contain enough information to determine whether counsel's performance was constitutionally deficient.  Petitioner maintains that the Court should hold an evidentiary hearing so that he can develop the record on this claim.  However, as Magistrate Judge Merz stated in the Supplemental Report and Recommendations,

the relevant facts concerning what advice was given by counsel were known to

Petitioner and could have been included in the affidavit attached to his petition for

post-conviction relief.  Petitioner's failure to include all relevant facts in that

affidavit does not entitle him to an evidentiary hearing in federal court.  Therefore,

the Fourth Ground for Relief is also dismissed with prejudice.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #3.

Given that Petitioner has not made a substantial showing of the denial of a

constitutional right and, further, that the Court's decision herein would not be

debatable among reasonable jurists, and because any appeal from this Court's

decision would be *objectively* frivolous, Petitioner is denied a certificate of

appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.


Date: May 18, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4